**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3159-16T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JOSE LOZADA-ROJAS,

    Defendant-Appellant.

_____

> Submitted June 19, 2018 – Decided September 10, 2018
>
> Before Judges Simonelli and Koblitz.
>
> On appeal from Superior Court of New Jersey, Law Division, Somerset County, Indictment No. 15-08-0410.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Alyssa Aiello, Assistant Deputy Public Defender, of counsel and on the brief).
>
> Michael H. Robertson, Somerset County Prosecutor, attorney for respondent (Paul H. Heinzel, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Following a jury trial, defendant Jose Lozada-Rojas was convicted of second-degree distribution of a controlled dangerous substance, N.J.S.A. 2C:35-5(a)(1) and N.J.S.A. 2C:35-5(b)(2). The charge stemmed from defendant's sale of 66.435 grams, or 2.3 ounces of cocaine to undercover Detective Michael Guerra of the Somerset County Prosecutor's Office, who was a member of the Organized Crime and Narcotics Task Force and engaged in an undercover narcotics investigation in Franklin Township along with Detective John Dugan. The trial court imposed a seven-year term of imprisonment.

On appeal, defendant raises the following contentions:

POINT I

REVERSAL IS REQUIRED, BECAUSE IN THIS CASE, WHERE CREDIBILITY WAS THE CRITICAL ISSUE, THE PROSECUTOR, IN VIOLATION OF DEFENDANT'S RIGHTS TO DUE PROCESS AND A FAIR TRIAL, IMPROPERLY VOUCHED FOR THE CREDIBILITY OF THE DETECTIVES, IMPROPERLY BOLSTERED THE DETECTIVES' TESTIMONY, AND IMPROPERLY CAST ASPERSIONS ON DEFENSE COUNSEL. (Not Raised Below).

POINT II

THE MATTER MUST BE REMANDED FOR RESENTENCING BECAUSE THE NEED TO DETER WAS NOT AN ADEQUATE BASIS FOR

2

IMPOSITION OF A SEVEN-YEAR PRISON TERM, WHERE DEFENDANT HAD ONLY ONE PRIOR ARREST, FOR DISORDERLY CONDUCT, AND BECAUSE THE JUDGE FAILED TO FIND A MITIGATING FACTOR FOR WHICH THERE WAS RECORD SUPPORT.

We reject these contentions and affirm.

I.

Guerra and Dugan testified at the trial. On summation, defense counsel attacked their credibility by repeatedly referencing their investigative reports and highlighting that Guerra's report was only three paragraphs long and did not include specifics. Counsel accused the detectives of conducting an investigation "from a shadowy organization[.]" Counsel then mentioned his seventeen years of experience, and stated: "I really enjoy doing this. And part of the reason why I enjoy doing this is because I do try to seek the truth." Counsel then told the jury that "I wouldn't find [Guerra] credible, and I hope that you folks see the same thing that I've been watching. He didn't seem credible to me."

The prosecutor responded in her summation by reminding the jury that the court would instruct them as to what they could consider as evidence. She also noted that the investigative reports were not evidence, were used only to refresh the detectives' recollection, and did not recite every single detail of the

A-3159-16T3

investigation. The prosecutor then addressed defense counsel's complaints about the brevity of the reports, explaining:

> And that is the evidence in this case; the testimony that you heard from two credible officers on the stand in this courtroom today.
>
> Counsel would like you to be so distracted by police reports that are what, too short? Police reports that fail to detail the exact time that this occurred? He'd like you to be so distracted by that, because he doesn't want us to look at the very, very simple, very straightforward facts of this case.
>
> Short police reports? Let's face it, this is a short investigation. And why? Detective Guerra said he made arrangements to meet with the [d]efendant at this location. He'd never met that man before. That arrangement, the [d]efendant got in the car, they negotiated a quantity, they negotiated a price, and drugs and money exchanged hands. The [d]efendant handed Detective Guerra 66 grams, 2.3 ounces of cocaine, and Detective Guerra handed him the money.
>
> That's the investigation. Those are the facts. Do you need a ten-page police report for that? But he'll try to distract you with that, because he doesn't want you to look at those very simple facts.
>
> Yes, I am expecting you to believe the officer[s'] testimony. You, as the jury, are to determine the credibility of the witnesses. And amongst the laundry list of things the [j]udge will tell you you are to consider is whether the witnesses testified with intent to deceive you.

A-3159-16T3

Why would Detective Guerra want to deceive you? The [d]efendant got in his car and sold him drugs. Why would Detective Guerra lie as to the details of what happened that day?

## II.

In Point I, defendant argues for the first time on appeal that the prosecutor improperly denigrated defense counsel, vouched for Guerra's and Dugan's credibility, and bolstered their testimony by suggesting there was additional evidence of defendant's guilt to which the jury was not privy. This argument lacks merit.

"When a defendant fails to object to an error or raise an issue before the trial court, we review for plain error. We may reverse on the basis of unchallenged error only if the error was 'clearly capable of producing an unjust result.'" State v. Ross, 229 N.J. 389, 407 (2017) (citation omitted) (quoting R. 2:10-2). "The possibility of an unjust result must be 'sufficient to raise a reasonable doubt as to whether the error led the jury to a result it otherwise might not have reached.'" Ibid. (quoting State v. Williams, 168 N.J. 323, 336 (2001)). "A defendant who does not raise an issue before a trial court bears the burden of establishing that the trial court's actions constituted plain error." Ibid. "A defendant assumes this burden because 'to rerun a trial when the error could easily have been cured on request, would reward the litigant who suffers an error

for tactical advantage either in the trial or on appeal.'" Ibid. (quoting State v. Weston, 222 N.J. 277, 294-95 (2015)). Applying the above standards, we discern no error in the prosecutor's comments warranting reversal of defendant's conviction.

"A prosecutor may argue that a witness is credible, so long as the prosecutor does not personally vouch for the witness or refer to matters outside the record as support for the witness's credibility." State v. Walden, 370 N.J. Super. 549, 560 (App. Div. 2004). "A prosecutor may not express a personal belief or opinion as to the truthfulness of his or her witness's testimony." State v. Staples, 263 N.J. Super. 602, 605 (App. Div. 1993). Furthermore, a prosecutor's comments may be harmless if they are only a response to remarks by opposing counsel. State v. DiPaglia, 64 N.J. 288, 297 (1974).

"[P]rosecutors are prohibited from casting unjustified aspersions on the defense or defense counsel." State v. Wakefield, 190 N.J. 397, 446 (2007) (alteration in original) (quoting State v. Nelson, 173 N.J. 417, 461 (2002)). "[T]he issue for resolution is two-fold: whether the prosecutor committed misconduct, and, if so, 'whether the prosecutor's conduct constitutes grounds for a new trial.'" Ibid. (quoting State v. Smith, 167 N.J. 158, 181 (2001)). "[I]n order to meet the second part of that test, 'the misconduct must have been so

egregious that it deprived defendant of a fair trial.'" Ibid. "Stated differently, '[t]o warrant a new trial the prosecutor's conduct must have been clearly and unmistakably improper, and must have substantially prejudiced defendant's fundamental right to have a jury fairly evaluate the merits of his defense.'" Ibid. (alteration in original) (quoting Smith, 167 N.J. at 181-82).

Further, "[w]hen reviewing the State's response, we 'must not only weigh the impact of the prosecutor's remarks, but must also take into account defense counsel's opening salvo.'" State v. Munoz, 340 N.J. Super. 204, 216 (App. Div. 2001) (quoting Unites States v. Young, 470 U.S. 1, 12 (1985)).

Under a plain error standard of review, we find the prosecutor's statements provide no basis to set aside defendant's conviction. During his summation, defense counsel attacked Guerra's and Duran's credibility by insinuating they were lying and emphasizing that the majority of the State's case rested on their credibility. The prosecutor's remarks were only a response to defense counsel's remarks. The prosecutor addressed defense counsel's attack by arguing that counsel's focus on short police reports was not relevant or worthy of serious consideration. The prosecutor's comments did not denigrate defense counsel by simply characterizing counsel's comments as "distractions."

A-3159-16T3

In addition, the prosecutor's comments were permissible, as she did not personally vouch for the officers' credibility or refer to evidence outside of the record for support. See Walden, 370 N.J. Super. at 560. She based her comments on supporting testimony and the corroboration provided by pre-marked "buy money" used in the drug transaction. Further, the prosecutor made her comments after defense counsel's attack on the detectives' credibility by asking the jury to follow the court's instructions, analyze the detectives' testimony in accordance with the instructions, and apply the factors in the instructions to find the detectives credible. The prosecutor asked the jury to focus on the facts and the law, and reminded them it was the State's burden to prove each element of the crime beyond a reasonable doubt. There was nothing improper about the prosecutor's comments.

III.

Defendant challenges his sentence in Point II. He argues the court's finding of aggravating factor N.J.S.A. 2C:44-1(a)(9), "[t]he need for deterring the defendant and others from violating the law[,]" was not an adequate basis for imposition of a seven-year sentence where he had only one prior arrest for a disorderly persons offense. He also argues the judge erred in failing to find

mitigating factor N.J.S.A. 2C:44-1(b)(11), "[t]he imprisonment of the defendant would entail excessive hardship to himself or his dependents[.]"

We review a judge's sentencing decision under an abuse of discretion standard. State v. Fuentes, 217 N.J. 57, 70 (2014). As directed by the Court, we must determine whether:

> (1) the sentencing guidelines were violated; (2) the aggravating and mitigating factors found by the sentencing court were not based upon competent and credible evidence in the record; or (3) the application of the guidelines to the facts of [the] case makes the sentence clearly unreasonable so as to shock the judicial conscience.
>
> [Ibid. (alteration in original) (quoting State v. Roth, 95 N.J. 334, 364-65 (1984)).]

We have considered defendant's arguments in light of the record and applicable legal principles and conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We affirm substantially for the reasons the court expressed at sentencing. We are satisfied the court did not violate the sentencing guidelines and the record amply supports the court's findings on aggravating and mitigating factors. The sentence is clearly reasonable and does not shock our judicial conscience.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9                                                                    A-3159-16T3